MATTER OF PASARIKOVSKI

Application for Classification as Refugee

A-12948603

*Decided by Regional Commissioner November 27, 1967*

An alien's application under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended, for refugee classification under section 203(a)(7)(B) as a person uprooted by catastrophic natural calamity who is unable to return to his usual place of abode, is denied since the President has not yet defined the term "catastrophic natural calamity" and applicant, therefore, does not come within the purview of section 203(a)(7)(B).

ON BEHALF OF APPLICANT: Mary L. Sfasciotti, Attorney at Law
                        Immigrants' Service League
                        008 South Dearborn Street
                        Chicago, Illinois 60605

This case has been certified to us by the District Director for review of her denial of the application for refugee classification under the proviso to section 203(a)(7) of the Immigration and Nationality Act, as amended.

The application was filed with the District Director pursuant to 8 CFR 245.4, in conjunction with an application for adjustment of status under section 245 of the Act, as amended. The latter application is to be considered by a special inquiry officer in the deportation proceedings which have been instituted.

The applicant is a citizen of Yugoslavia, single, male, born in that country on July 15, 1925. He was admitted to the United States as a visitor on November 10, 1961, and his status was subsequently changed to that of a nonimmigrant student. He has not been absent from the United States since he entered.

The application states that the applicant fled or was displaced from Skopje, Yugoslavia, in 1963 because of an earthquake which destroyed his home and consequently left him homeless. The application further states that he is unwilling or unable to return because he no longer has a home there.

An earthquake occurred at Skopje, Yugoslavia, on July 26, 1963 (WORLD ALMANAC AND BOOK OF FACTS 254 (1967)).

Section 203(a)(7) of the Immigration and Nationality Act, as amended, insofar as pertinent here provides as follows:

Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 201(a)(ii) to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, . . . (B) that they are persons uprooted by catastrophic natural calamity *as defined by the President* who are unable to return to their usual place of abode. . . . PROVIDED, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status. (Italic supplied.)

In denying the application, the District Director found that there is no indication that the President has yet defined "catastrophic natural calamity" for the purpose of this provision. It was thereupon concluded that the applicant does not come within the purview of section 203(a)(7)(B) of the Act.

The President has not defined "catastrophic natural calamity" for the purpose of section 203(a)(7)(B) of the Act. This provision has been described as a "standby measure which can be activated by the President when the need arises" (1 GORDON & ROSENFIELD, IMMIGRATION LAW AND PROCEDURE 2-132 (rev. ed. 1966)).

Since the provision upon which this application is based has not been implemented by the Executive action required, the application was properly denied.

*It is ordered* that the District Director's decision denying the application be and is hereby affirmed.